IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUSTINE A. MCCORD,**<br>**Plaintiff,** | : No. 3:05cv2524<br>:<br>: (Judge Munley) |
| v. | : |
| **JO ANNE B. BARNHART,**<br>**Commissioner of Social Security**<br>**Defendant** | :<br>:<br>: |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 12) in this social security disability case. The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff, who is 51 years old, first applied for disability benefits in September 2003. (Record (hereinafter "R") at 53). She alleged that she had been unable to work since July 19, 2003, and reported past work as a cashier, courier, mailroom employee, heavy machine operator and auto mechanic. (Id. at 59-60, 84). Her last work came in July 2003, as a cashier. (Id. at 333-34). On June 20, 2003, plaintiff complained to her primary care physician, Dr. James C. Miller, of arthritis pain in her knees, feet, ankles, wrist, and upper arms. (Id. at 117). She also complained of rotator cuff pain in her shoulder. (Id.).

A series of visits to different specialists, treatments, diagnoses of hepatitis C,

depression, fibromyalgia and other health concerns followed in the next several years. In December 2003, for example, Dr. Miller referred plaintiff to Dr. Stanley J. Naides, a rheumatologist. Dr. Naides reported that plaintiff complained of arthritis in her knees, feet, hands and wrists. (Id. at 182). Plaintiff sometimes experienced a burning sensation in her wrists, and complained that she was unable to bend one of them. Her knuckles sometimes swelled as well. (Id. at 183). An examination revealed that plaintiff's wrists had a "marked decreased range of motion" and found a "bogginess" in her finger joints. (Id.). Plaintiff's shoulder also had "a very marked decrease in abduction" (Id.). Dr. Naides prescribed occupational therapy and a nighttime brace for plaintiff's left wrist. (Id.). Roentgenograms subsequently taken revealed "periarticular osteopenia in the radiocarpal and matacarphalangeal joints." (Id.). The exam also indicated "inflammatory arthropathy" in plaintiff's right middle and ring fingers and left middle finger. (Id. at 184). Dr. Naides's examination on March 20, 2004 revealed that plaintiff's fingers remained "boggy and tender." (Id. at 295). This problem persisted when plaintiff next saw Dr. Naides, on July 20, 2004. (Id. at 240). Other physicians also treated the plaintiff for a variety of ailments related to her arthritis and the hand, knee and shoulder problems that resulted, as well as plaintiff's hepatitis and depression. (See, e.g., Id. at 106-107, 134, 140-42, 178-79, 201-205, 215-23, 249-50). An examination on September 27, 2004 revealed that plaintiff continued to report wrist and knee pain and swelling, and that her fingers and joints appeared tender and mildly swollen. (Id. at 236-37).

Applications for disability benefits from state and federal agencies also followed Dr. Miller's initial treatment, and plaintiff's treating physicians and other experts provided agencies with assessments of her condition.  On June 27, 2003, for instance, Dr. Miller filled out a form for the Pennsylvania Department of Public Welfare that concluded that plaintiff's rotator cuff injury would leave her disabled for the following three months.  (Id. at 115).  On August 29, 2003, Dr. Miller filled out a form for the Domestic Relations Section of the Court of Common Pleas of Dauphin County, Pennsylvania, reporting that plaintiff had been treated for hepatitis C and degenerative arthritic knees.  (Id. at 108).  He reported that she had been disabled and unable to work since February 20, 2003.  (Id.).  On February 4, 2004 Dr. Bruce Goodman examined plaintiff at the request of the Pennsylvania Bureau of Disability Determination.  (Id. at 188-193).  Dr. Goodman reported that plaintiff had been diagnosed with adhesive capsulitis of the left shoulder.  (Id. at 189).  His examination revealed that plaintiff had a limited range of motion in her left shoulder and that she had symptoms that suggested "an impingement syndrome." (Id. at 190).  Dr. Goodman recommended that plaintiff avoid use of her left arm above waist level.  (Id. at 193).

On August 22, 2003 plaintiff applied for disability insurance benefits and supplemental security income.  (Id. at 12).  She alleged that she had been disabled since July 19, 2003.  (Id. at 13).  After plaintiff's application was denied, she requested a hearing.  (Id. at 12).  An Administrative Law Judge (ALJ) held a hearing

on January 10, 2005. (Id.). The ALJ heard testimony from the plaintiff, who was not represented at the hearing, and a vocational expert. (Id.). On April 1, 2005, the ALJ issued a decision ruling that the plaintiff was not disabled under the Social Security Act. (Id. at 19). The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability, and that she suffered from a "severe combination of ailments," including "degenerative joint disease in the left wrist and right knee, inflammatory arthritis and memory impairment secondary to Hepatitis C infection, and depression." (Id. at 13-14). Plaintiff also suffered from hearing loss, but the ALJ found that this impairment could be corrected with a hearing aid and was thus not severe. (Id. at 14). Examining the extent of plaintiff's impairments, the ALJ found that they were not so severe that plaintiff could be considered presumptively disabled. (Id.). Plaintiff suffered pain from her arthritis and depression, but her hepatitis C had markedly improved with treatment, and her arthritis was not so severe that she could not walk without assistive devices. (Id.). She could also take care of personal needs like cooking, bathing, and feeding. (Id.). Plaintiff had also never been hospitalized for depression and proved amendable to treatment by medication and therapy. (Id. at 15).

The ALJ also examined plaintiff's residual functional capacity to determine whether she could perform her past relevant work or other work that was available in significant numbers in the national economy. (Id. at 16). This inquiry led the ALJ to conclude that plaintiff could "lift 10 pounds occasionally; require[d] a sit/stand option

every 30 minutes; and she is limited to unskilled, repetitive work activity not involving significant interaction with others." (Id.). The ALJ found that the medical evidence supported plaintiff's complaints of pain from her ailments, but that "the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (Id. at 16). The medical evidence also did not support a claim that treatment for hepatitis had so exacerbated plaintiff's other symptoms that she had become disabled. (Id.). The ALJ considered evidence from a state agency adjudicator who found plaintiff capable of light work, but noted that the assessment did not come from "an acceptable medical source." (Id.). The court likewise gave limited weight to a similar finding from a consulting physician, Dr. Goodman, whose assessment did not find limitations consistent with plaintiff's subjective complaints. (Id.). These findings led the ALJ to conclude that plaintiff could not perform her past relevant work, since a vocational expert testified that past work was now beyond plaintiff's functional capacity. (Id. at 17). Based on the testimony of this expert, however, the ALJ determined that plaintiff, even with her limitations, could perform jobs like assembler, inspector, and machine tender. (Id. at 18). Since these jobs existed in significant numbers in the national and local economy, the ALJ found plaintiff ineligible for benefits. (Id.)

Plaintiff retained an attorney and submitted additional evidence and a request for review to the Social Security Appeals Council. (R. at 290). Included in the additional evidence were reports from treating physicians that revealed that while

plaintiff had largely recovered from her bout with hepatitis C, she continued to suffer from pain and swelling related to arthritis in her hands, back and wrists. (Id. at 295, 297, 301). Plaintiff continued taking medication for that pain. (Id.). This new evidence also included a November 30, 2004 report by Dr. Miller to State authorities that determined that plaintiff had been unable to work from October 1, 2003 until the present. (Id. at 311). The Council denied plaintiff's request for review on January 20, 2006, and the the ALJ's decision became the Commissioner's final decision. (R. at 5). Plaintiff then filed this civil action for judicial review of the Commissioner's decision.

After receiving briefs on plaintiff's appeal of the Commissioner of Social Security's decision to deny plaintiff benefits, Magistrate Judge J. Andrew Smyser on May 30, 2006 issued a report and recommendation that suggested this court order remand of the case to the Administrative Law Judge for reconsideration and reexamination of certain evidence. (See Report and Recommendation (Doc. 12)). Magistrate Judge Smyser found that the ALJ erred by failing to address whether a limitation for the plaintiff existed because of her reported upper extremity problems. The plaintiff had complained of problems with her hands, shoulders and arms to her treating physicians and in her testimony before the ALJ, and Judge Smyser found significant evidence in the record of medical opinions and objective findings that could support these subjective claims of limitation. The evidence he found significant included findings by medical consultants employed by the Commissioner

that plaintiff should be limited in using her arms. When such evidence exists, the magistrate judge found, an ALJ is required to cite to evidence that contradicts those claims of limitations. By pointing only to opinions by one doctor who concluded that successfully completing treatment for hepatitis C would limit pain from arthritis and remove restrictions on treatment for these pains, the ALJ had failed successfully to contradict this medical evidence. The Magistrate Judge thus gave that evidence great weight, and found that the ALJ erred in not addressing the relationship of that evidence to any limitations suffered by the plaintiff.

Magistrate Judge Smyser also found that the ALJ did not properly address the opinions provided by Dr. Miller on plaintiff's ability to work. Dr. Miller, plaintiff's treating physician, had completed several assessments of plaintiff's ability to work. Those assessments all found plaintiff unable to work, and none suggested a date on which she could resume employment. While the statements, which courts do not treat with the same deference they do more formal medical evaluations, were not entirely consistent with either the medical evidence or Dr. Miller's own statements, Judge Smyser found that the ALJ erred in not explaining his reasoning in disregarding them. On remand, the magistrate judge suggested, the ALJ must explain what consideration he gave this doctor's opinion. During this remand, Magistrate Judge Smyser also suggested that the ALJ consider the November 2004 opinion from Dr. Miller that plaintiff submitted to the Social Security Appeals Council. The Magistrate Judge rejected, however, plaintiff's contention that the ALJ should

have obtained mental health records for the plaintiff during the disability hearing.

The Commissioner then filed objections to the report and recommendation, bringing the case to its present posture.

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Defendant's Objections**

The Commissioner raises two objections to the report and recommendation. We will address each in turn.

**A. The Magistrate Judge's Finding that the ALJ Did Not Properly Consider Plaintiff's Upper Extremity Limitations in Determining Her Functional Capacity**

The Commissioner argues that the magistrate judge erred in finding that the ALJ did not properly consider a medical opinion that described plaintiff's upper extremity problems in determining whether plaintiff suffered from a qualifying disability.

Here, the Magistrate Judge found that "the ALJ did not cite contrary medical

evidence with respect to the plaintiff's upper extremity complaints but noted only that Dr. Naides had opined that the plaintiff's arthritis would improve when her hepatitis C treatment was discontinued and that the plaintiff's treatment for her upper extremity pain, medication and therapy, had been conservative in nature." (Report and Recommendation at 12). The record, as the foregoing indicates, does contain several pieces of medical evidence that indicate that plaintiff had problems with her arms and shoulders that limited her ability to work by preventing her from raising her arm above the shoulder. The ALJ did not create a sufficient record to demonstrate why he considered and rejected this evidence. At the least, the ALJ should have explained why he did not credit the plaintiff's claimed limitations given the available medical evidence. See Burnett v. Commissioner of Social Security Admin, 220 F.3d 112, 121 (3d Cir. 2000) (finding that when making a residual functional capacity determination, "although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence."). Since the ALJ's report did not explore to a proper degree these claimed limitations and the medical evidence related to them, we will adopt the recommendation and remand the case to the ALJ to consider this evidence. The ALJ is required to provide a detailed explanation of how plaintiff's documented upper extremity limitations influence the determination of claimant's residual functional capacity.

**B. The Magistrate Judge's Finding that the Record Needs Further Development**

Defendant objects to the magistrate judge's recommendation that the ALJ consider Dr. Miller's November 2004 assessment of plaintiff's ability to work.[1] The additional evidence the magistrate judge demands, the defendant argues, was not evidence that could be used to challenge the ALJ's decision. In addition, Dr. Miller's report was nothing more than a summary of the reports of expert specialists whose diagnoses were already contained in the record. Dr. Miller's report, the Commissioner argues, is therefore unnecessary to the determination of plaintiff's disability.

We will adopt the Magistrate Judge's recommendation on this point. Dr. Miller is plaintiff's treating physician, and his opinion is entitled to strong consideration. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (noting that "[u]nder applicable regulations and the law of the Court, opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight."). While here Dr. Miller's opinion came in the form of an assessment completed for a state agency and was not accompanied by extensive records or objective medical tests,

---

[1] The Commissioner does not provide any reasons for objecting to the magistrate judge's recommendation that "[o]n remand, the Commissioner should provide some explanation for the consideration he gave to Dr. Miller's opinions," other than the opinion issued in November 2004, on plaintiff's ability to work. (Report and Recommendation at 16). As there is no objection to this recommendation, we must only consider whether the finding represents clear error or manifest injustice. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1). We find that it does not, and we will adopt the report and recommendation. On remand, the ALJ is ordered to explain what consideration he gave the treating physician's opinion of plaintiff's capacity to work.

10

he had treated the plaintiff for more than a year and could base his opinion on his knowledge of that treatment and the reports of specialists to whom he sent the patient. The ALJ is required to explain why he has considered and rejected that 2004 assessment. See id. (finding that "although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reason(s) for discounting the evidence."); Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (finding that a court may not reject a treating physician's opinion "due to his or her own credibility judgments, speculation or lay opinion."); 20 C.F.R. § 404.1545(3) (establishing that "we will consider any statements about what you can still do that have been provided by medical sources, whether or not that are based on formal examinations."). The ALJ may not ignore Dr. Miller's opinion. We will therefore adopt the report and recommendation in this area as well. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSTINE A. MCCORD,<br>    Plaintiff, | No. 3:05cv2524 |
| | (Judge Munley) |
| v. | |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security<br>    Defendant | |

## ORDER

**AND NOW**, to wit, this 26th day of January 2006:

1) The report and recommendation of Magistrate Judge Smyser (Doc. 12) is hereby **ADOPTED**;

2) The defendant's objections to the report and recommendation (Doc. 13) are **OVERRULED**; and

3) This Clerk of Court is directed to remand the case to the Commissioner for proceedings consistent with this opinion.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court